# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | Case No: 14 cv 2301 |
| Plaintiffs, | Judge Samuel Der-Yeghiayan |
| v. | Magistrate Judge Susan E. Cox |
| REDI-MIX CONCRETE COMPANY, a Michigan Corporation, |  |
| Defendant. |  |

## ORDER

Redi-Mix Concrete Company has moved to stay Count I of the Complaint filed by plaintiff, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr. as Trustee. For the reasons stated, we deny Redi-Mix's motion to stay Count I pending the arbitration [dkt. 18]. The case is set for further status on September 28, 2014 at 9:30 AM.

## STATEMENT

Redi-Mix Concrete Company ("Redi-Mix") has moved to stay Count I of the Complaint filed by plaintiff, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr. as Trustee (collectively the "Pension Fund"). For the reasons stated below, we deny Redi-Mix's motion to stay Count I pending the arbitration [dkt. 19].

The Pension Fund has sued Redi-Mix for an injunction and declaratory judgment[1] concerning the parties' respective rights and obligations under the Multiemployer Pension Plan Amendments Act ("MPPAA). In Count I, the Pension Fund seeks a declaratory judgment upholding the Pension Fund Trustee's decision refusing to refund contributions Redi-Mix made on behalf of one of its employees, Kris Pelham. Redi-Mix seeks to stay Count I of the Pension Fund's Complaint pending arbitration of Redi-Mix's dispute concerning the Fund's determination that it should be liable for a partial withdrawal from the Fund.

Redi-Mix is party to a collective bargaining agreement ("CBA") with Teamsters Local Union No. 164 for which it has been required to remit contributions to the Pension Fund on behalf of its employees covered by the CBA. In 2006, Redi-Mix entered into an Asset Purchase Agreement ("APA") with Doan Construction. The APA provided that some employees would be

---

[1] Plaintiffs bring suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), and the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

hired by Doan, while others would remain employed by Redi-Mix. One such employee retained by Redi-Mix was Kris Pelham, for whom Redi-Mix remitted contributions to the Pension Fund. Effective April 2008, Redi-Mix entered into a new CBA with Local No. 184 which required it to remit contributions on behalf of its covered employees, and so, Redi-Mix still remits contributions on behalf of Pelham.

Because the APA in 2006 resulted in the loss of several of Red-Mix's employees, Redi-Mix affected a partial withdrawal from the Pension Fund in December 2008. The Pension Fund assessed Redi-Mix's partial withdrawal liability at $604,205.55, as determined under 29 U.S.C. § 1381(b), and sent notice to Redi-Mix in April 2010 demanding payment. In March 2013, Redi-Mix requested the Pension Fund review the Trustees' assessment under 29 U.S.C. § 1399(b)(2)(A), arguing that it was exempt from withdrawal liability under the sale of assets exemption pursuant to 29 U.S.C. § 1384. Redi-Mix also requested that the Pension Fund refund all of the contributions remitted on behalf of Pelham after the APA's execution, arguing that Redi-Mix had been mistakenly remitting contributions on his behalf because after March 31, 2006, Pelham no longer performed any bargaining work.

When reviewing Redi-Mix's requests, the Trustees treated the issues separately, treating one request as relief from the Pension Fund's withdrawal liability claim and treating the other request as a cash refund for mistaken contributions. In September 2013, the Trustees rejected Redi-Mix's challenge to the withdrawal liability claim concluding Redi-Mix did not qualify for the sale of assets exemption. The Trustees also voted to deny Redi-Mix's refund request finding the contributions were contractually required. The Trustees found that the CBA covered Pelham's work and that Redi-Mix was obligated to remit contributions because the APA expressly provided that Redi-Mix would retain Pelham.

In September 2013, the Pension Fund notified Redi-Mix of the Trustees' denial of the refund request. The Pension Fund contends that Redi-Mix's contribution payments were not made by a mistake of law or fact,[2] and so, the Trustees could not authorize a refund. The Trustees determined that the letter dated August 28, 2013 confirmed that the payments were not made by mistake because the letter stated Redi-Mix "retain[ed] one bargaining unit employee to avoid the imposition of withdrawal liability."[3] Redi-Mix has continued to remit contributions on behalf of Pelham despite its contention that no contributions are due.

In response to the Pension Fund's denials, Redi-Mix initiated arbitration proceedings on or about September 23, 2013 pursuant to ERISA, as amended by MPPAA, to challenge the 2008 withdrawal liability assessment and to request a refund of contributions for Pelham. On October 28, 2013, the Pension Fund submitted its objection to Redi-Mix's attempt to arbitrate the refund claim, and an arbitrator was appointed on November 6, 2013. Subsequently, the arbitration claim has been held in abeyance since February 28, 2014 at the request of the parties to attempt settlement. In April 2014, the Pension Fund initiated this action for injunctive and declaratory relief, as well as payment of interim withdrawal liability payments.

The governing statute clearly provides that questions concerning withdrawal liability must first be submitted to an arbitrator for decision.[4] Under the statute, the arbitrator's factual findings concerning withdrawal liability are reviewed by the court under a clearly erroneous

---

[2] *See* 29 U.S.C. § 1103(c)(2)(A)(ii).
[3] Pl. Resp. Ex. A [dkt. 30].
[4] 29 U.S.C. §1401(a) states that "any dispute between an employer and the plan sponsor of a multiemployer plan concerning determination made under sections 1381 through 1399 of this title shall be resolved through arbitration."

standard of review, although the court reviews her legal conclusions *de novo*.[5] In other words, the arbitrator's factual findings are entitled to deference under the statute.[6] The question presented by Count I, however, does not fall within these statutory provisions where arbitration is mandated. The question presented is whether Redi-Mix's payments to the Fund were made by mistake and is governed by a completely different statutory provision, Section 1103(C)(2)(A)(ii), which grants the plan administrator (and not an arbitrator) the fact-finding function.[7] To avoid injustice, Courts have allowed employers who disagree with the Fund's decision to sue for a refund in federal court, but also hold that the administrator's finding can only be overturned if the court finds that it is arbitrary and capricious, not supported by substantial evidence, or erroneous on a question of law.[8] In this case, Redi-Mix is unhappy with the administrator's factual finding that the Pelham contributions were not made in error. Its remedy, according to the governing statute, is to appeal that adverse finding to federal court, not ask the arbitrator for a different factual finding subject to a highly deferential review (as opposed to the arbitrary and capricious standard which would normally apply to the plan administrator's decision).

The court is unwilling to upend this statutory scheme because the issue tangentially may relate to the arbitrator's withdrawal assessment. We recognize that at least one court in our district allowed an arbitrator (ironically at Central States's urging) to decide an employer's counterclaim seeking a refund of contributions in connection with his overall consideration of the withdrawal liability question.[9] But the issue in that case had never been presented to the plan administrator for a factual determination, as required by the statute. It arose for the first time as a counterclaim in the lawsuit over withdrawal liability filed by Central States. Further, we respectfully disagree that the arbitrator had authority to factually decide that issue without it first being presented to the Trustees, as required by the governing statute.

We see no reason why we should stay Count I pending the arbitration. We do not find that the Trustees' decision - that Redi-Mix's contributions on behalf of Kris Pelham were not made by mistake - appropriate for the arbitrator to factually reconsider under Section 1401(a) but, rather, that this factual decision may only be reviewed for error by the court under the deferential standard of review discussed above. The motion, therefore, is denied. The case is set for further status on September 28, 2014 at 9:30 AM.

Date: September 10, 2014 /s/ Susan E. Cox

---

[5] *Jos. Schlitz Brewing Co. v. Milwaukee Brewery Worker's Pension Plan,* 3 F.3d 994 (7th Cir. 1993), *aff'd* 513 U.S. 414.

[6] *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Cullum Cos., Inc.,* 973 F.2d 1333 (7th Cir. 1992).

[7] 29 U.S.C. § 1103(c)(2)(A)(ii).

[8] *U.S. Foodservice, Inc. v. Truck Drivers & Helpers Local Union No. 355 Health and Welfare Fund,* 700 F.3d 743 (4th Cir. 2012), *citing Teamster's Local 348 Health & Welfare Fund v. Kohn Beverage Co.,* 749 F.2d 315, 321 (6th Cir. 1984) ("The trustee's action is conclusive unless arbitrary or capricious, not supported by the evidence, or erroneous on a question of law.").

[9] *Central States, Southeast & Southwest Areas Pension Fund v. Houston Pipe Line Co.,* 713 F. Supp 1527 (N.D. Ill. 1989).